**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR JOSE SILVA VEGA, | No. 12-72513 |
| Petitioner, | Agency No. A077-885-554 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2014
San Francisco, California

Before: O'SCANNLAIN and MURGUIA, Circuit Judges, and ADELMAN,
District Judge.[**]

Hector Jose Silva Vega ("Petitioner") petitions for review of a final order of

removal of the Board of Immigration Appeals ("BIA"). We have jurisdiction

under 8 U.S.C. § 1252, and we deny the petition.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

Petitioner sought asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); he feared persecution and torture because he had repeatedly deserted Nicaragua's Sandinista military in the 1980s. The immigration judge ("IJ") denied relief after finding that Petitioner had not demonstrated past persecution or a well-founded fear of future persecution. The BIA dismissed Petitioner's appeal, but this Court remanded to the BIA to clarify its finding on past persecution. The Department of Homeland Security ("DHS") then conceded that Petitioner had established past persecution on the basis of conscientious objection to the practices of the Sandinista military, but argued on remand that a fundamental change in circumstances in Nicaragua rendered relief inappropriate. The BIA again denied relief.

Petitioner contends that this Court should grant his petition because of several procedural issues with the proceedings before the IJ and the BIA. He first argues that the IJ violated Petitioner's due process rights by failing to inform him of the potential availability of CAT relief before the close of the merits hearing. An IJ has a duty to explain to an alien his "apparent eligibility" for relief. *United States v. Lopez-Velasquez*, 629 F.3d 894, 896-97 (9th Cir. 2010) (en banc). However, an alien must show prejudice–that the due process violation potentially "affect[ed] the outcome of the proceedings"–in order to obtain relief. *Agyeman v.*

2

*INS*, 296 F.3d 871, 884 (9th Cir. 2002) (internal quotation marks omitted). Petitioner was not precluded by the IJ from presenting any evidence during the merits hearing, has not cited any evidence he would have introduced had the IJ notified him of the availability of CAT relief, and has not otherwise shown prejudice. Because he has not shown prejudice, his due process argument fails.

Second, Petitioner argues that DHS waived its argument of a fundamental change in circumstances by not raising it until this Court granted DHS's request for a remand to the BIA. DHS may waive such an argument by failing to raise it before the IJ or the BIA. *See Baballah v. Ashcroft*, 367 F.3d 1067, 1078 & n.11 (9th Cir. 2004). However, DHS raised the issue before the BIA as soon as it conceded that Petitioner had demonstrated past persecution, and thus as soon as the issue of changed country circumstances became relevant to the BIA's analysis. DHS did not waive its argument of a fundamental change in country circumstances.

Third, Petitioner asserts that the BIA both exceeded the scope of this Court's remand and impermissibly engaged in fact-finding in concluding that DHS had shown a fundamental change in country circumstances. This Court directed the BIA to clarify its finding regarding past persecution on remand; implicit in the order was an instruction to determine based on that finding whether Petitioner was

3

eligible for relief. In making its finding on changed country circumstances, the BIA relied on facts found by the IJ and on country reports introduced into evidence before the IJ. The BIA did not review de novo factual findings by the IJ or otherwise improperly find facts. *See Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012) (explaining that BIA errs as a matter of law when it "engages in de novo review of an IJ's factual findings"). The BIA did not err by considering DHS's changed-circumstances argument and did not impermissibly engage in fact-finding.

Petitioner also argues on the merits that the BIA incorrectly found a change in country circumstances and improperly denied relief. This Court reviews such a finding for substantial evidence. *Gui v. INS*, 280 F.3d 1217, 1229 (9th Cir. 2002). Here, the BIA noted, among other considerations, that the military conflict during which Petitioner was persecuted had ended twenty years earlier, a general amnesty had been granted to all Sandinista deserters, and Petitioner's brothers–also Sandinista deserters–had been able to live in Nicaragua without facing persecution. Substantial evidence thus supports the BIA's finding of a fundamental change in circumstances in Nicaragua and the denial of asylum and withholding of removal. Because a showing of changed country circumstances can defeat a CAT claim, *see Sowe v. Mukasey*, 538 F.3d 1281, 1288 (9th Cir. 2008), substantial evidence also

4

supports the denial of protection under the CAT.  Finally, Petitioner argues that he should be granted humanitarian asylum.  However, the BIA did not abuse its discretion in concluding that neither the severity of the past persecution endured by Petitioner nor other relevant circumstances warrant humanitarian asylum.  *See Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**